ENTER   JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEURALSTEM, INC., a Maryland corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>RENEURON, LTD., a United Kingdom corporation,<br><br>            Defendant. | Case No.  CV08-02168 R (AGRx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS NEURALSTEM INC.'S COMPLAINT**<br><br>Date:  August 18, 2008<br>Time:  10:00 AM<br>Ctrm:  Hon. Manuel L. Real |

Defendant ReNeuron Limited's motion to dismiss the complaint based on *forum non conveniens* came before the Court for hearing on August 18, 2008 at 10:00 a.m. Alan Barry and Saul Rostamian appeared on behalf of the Plaintiff, Neuralstem, Inc. and Anthony Press appeared on behalf of the Defendant, ReNeuron Limited.

The Court, having considered the papers and declarations filed by the parties and having provided counsel an opportunity to present further argument at the hearing, hereby finds that the "public" and "private" *non conveniens* factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) and Ninth Circuit precedent weigh strongly in favor of dismissing the action and having this dispute litigated in England. *See*, *e.g.*, *Leuck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001) (identifying *non conveniens* factors; citing *Gulf Oil*, *supra*); *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990) (same).

The Court finds that the "private" factors, taken together, weigh in favor of dismissal, even giving appropriate regard to Plaintiff's choice of forum:

1. <u>Residence of the parties and the witnesses</u>.  The evidence submitted shows that no party resides in this forum.  The majority of witnesses in this case do not live in California, but rather, reside in England or Maryland.  Accordingly, this factor favors dismissal.

2. <u>Whether unwilling witnesses can be compelled to testify</u>.  Based on the evidence presented, it appears likely that former employees of Defendant who reside in England and therefore are outside the jurisdiction of this Court will be witnesses in this litigation.  To the extent other non-party witnesses are required to testify, the English system provides procedures for obtaining their testimony.  This factor thus weighs in favor dismissal.

3. <u>Access to physical evidence and other sources of proof</u>.  The record also shows that the main sources of proof in this action alleging misappropriation of

trade secrets likely will be found in England, including from Defendant's current and former employees who reside in England, and that many of the documents relevant to adjudicating the claims pleaded in the complaint likely are located in England. Thus, this factor also favors dismissal.

4. <u>Convenience to the litigants</u>. Consistent with the location of potential evidence and witnesses, the record shows that England is the more convenient forum for the parties. Defendant's 17 full-time and 4 part-time employees reside in England. Plaintiff is located in Maryland, and thus its representatives will need to travel a significant distance to either proposed forum. On balance, this factor too weighs in favor of dismissal.

5. <u>Cost of bringing witnesses to trial</u>. For the reasons stated above, the Court finds that the relative costs of litigating this case in England as compared to California weighs in favor of dismissal.

6. <u>Enforceability of the judgment</u>. Defendant also has made a showing and Plaintiff does not dispute that it would be easier for Plaintiff to enforce a judgment against an English defendant in an English court than in this forum. Accordingly, this factor also weighs in favor of Defendant.

The Court further finds that the "public" factors, taken alone or together, weigh in favor of dismissal:

1. <u>Relative court congestion</u>. The evidence presented shows that this factor weighs in favor of dismissal.

2. <u>Local interest in resolving the controversy</u>. Again, no party resides in California and Plaintiff has not made a showing that California's residents are likely to be affected by the outcome of this litigation. It appears, by contrast, that England would have an interest in adjudicating an action that alleges misappropriation of trade secrets by an English company in England. This factor weighs in favor of Defendant and dismissal.

3. <u>Preference for having a forum apply a law with which it is familiar</u>. Based on the evidence presented, the Court finds the law of England applies to the contract at issue, which provided for the delivery of the material and the performance of the contract in England. (*See*, *e.g.*, Def.'s Mtn. at 2:7–4:13, Def's Reply at 3:1-4:23 and evidence cited therein.) Accordingly, England's familiarity with its law weighs in favor of dismissal.

For the foregoing reasons, the Court hereby ORDERS that Defendant's Motion to Dismiss Neuralstem Inc.'s Complaint is GRANTED.

Dated: <u>August 22, 2008</u>   _____
                                      Honorable Manuel L. Real
                                      United States District Court Judge