**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Fred D. Heather (SBN 110650)
fred.heather@klgates.com
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com

**K&L GATES LLP**
70 West Madison
Suite 3100
Chicago, Illinois  60602
Telephone: 312.372.1121
Facsimile: 312.827.8196
Alan D. Barry (*Pro Hac Vice*)
alan.barry@klgates.com
Sanjay K. Murthy (SBN 212097)
sanjay.murthy@klgates.com
Brian J. Arnold (*Pro Hac Vice*)
brian.arnold@klgates.com

Attorneys for Neuralstem, Inc.

ANTHONY L. PRESS (SBN 125027)
Apress@mofo.com

MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California  90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

MICHAEL A. JACOBS (SBN 111664)
MJacobs@mofo.com
AMY C. DACHTLER (SBN 248589)
ADachtler@mofo.com

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
RENEURON LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEURALSTEM, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>RENEURON, LTD., a United Kingdom corporation,<br><br>　　　　　　　Defendant. | Case No. CV 08-02168 R (AGRx)<br><br>**PROTECTIVE ORDER**<br><br>[*Proposed Protective Order filed concurrently herewith*]<br><br>[Assigned to the Honorable Manuel L. Real] |

WHEREAS, each of the parties to the above-captioned action (the "Action"), NEURALSTEM, INC. ("Neuralstem") and RENEURON, Limited ("ReNeuron") may seek discovery of documents, information or other materials that may contain or relate to confidential, proprietary or trade secret information of another party or of a third party, or personal data;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1. The following classifications shall apply:

   a. "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which contains information that is non-public and confidential or proprietary, whether personal or business-related; including information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party"). "Confidential Information" shall also mean and include any Discovery Material that constitutes "personal data", as defined in section 1(1) of the United Kingdom's Data Protection Act 1998 (1998 c.29) (the "UK Data Protection Act"), insofar as the UK Data Protection Act applies to such personal data ("Personal Data"). Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Outside Counsel Eyes Only Information";

   b. The "Outside Counsel Eyes Only Information" designation shall be reserved for Confidential Information relating to pending patent applications, products currently in development and not yet commercially released, current business/strategic plans, future sales/financial projections, future marketing plans, recent detailed sales

and financial data, or other highly sensitive or proprietary competitive or financial information; All such Confidential Information or Outside Counsel Eyes Only Information designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Protective Order.  Designations of Confidential Information and Outside Counsel Eyes Only Information shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

   2. The designation of Discovery Material in the form of documents, responses to requests for admission and interrogatories, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as Confidential Information or Outside Counsel Eyes Only Information shall be made by the Designating Party in the following manner:

      a. Documents designated "Confidential Information" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall be identified by Bates number.  To the extent practical, the Confidential Information legend shall be placed near the Bates number.  If a party affixes the Confidential Information legend to a pleading or discovery response, it shall place such legend at the top of the first page in at least 14 point boldface font and on any applicable pages within the document;

      b. Documents designated "Outside Counsel Eyes Only Information" shall be so marked by conspicuously affixing the legend "SUBJECT TO

PROTECTIVE ORDER – OUTSIDE COUNSEL EYES ONLY" on each page containing any Outside Counsel Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the Outside Counsel Eyes Only Information legend shall be placed near the Bates number. If a party affixes the Outside Counsel Eyes Only Information legend to a pleading or discovery response, it shall place such legend at the top of the first page in at least 14 point boldface font and on any applicable pages within the document;

  c. If a document has more than one designation, the more restrictive or higher confidential designation applies.

  d. Documents printed out from any electronic medium marked with "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER – OUTSIDE COUNSEL EYES ONLY" shall be marked by the printing party with the same designation as the electronic medium from which they are printed.

 3. Confidential Information and Outside Counsel Eyes Only Information shall not include any Discovery Materials which:

  a. Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

  b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order, except insofar as the Discovery Material constitutes Personal Data. Nothing herein

shall impose any restriction on the use or disclosure by a party of its own documents or information.

4. Subject to paragraphs 5 and 6 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order, in this Action are:

    a. K&L Gates LLP, attorneys of record for Neuralstem, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

    b. Morrison & Foerster LLP, attorneys of record for ReNeuron, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

    c. Party employees or in-house attorneys who have responsibility for maintaining, defending or evaluating this litigation;

    d. Retained independent consultants or experts, for purposes of this action only, for Neuralstem (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation in the field of stem cell therapy;

    e. Retained independent consultants or experts, for purposes of this action only, for ReNeuron (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation in the field of stem cell therapy;

    f. The Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this Action;

    g. Outside document copying services, document coding or computerization services, trial graphics consultants, jury and trial consultants, and other entities retained by counsel of record to aid in the preparation or in the trial of

this action. The class of persons identified in this subsection does not include any independent consultants or experts as set forth in subsections (d) and (e) above. Notwithstanding any other provision of this Protective Order, access to Confidential and Outside Counsel Eyes Only documents shall be permitted to such entities, without need for the completion of Exhibit A or listing them on Exhibit B. The outside counsel providing Confidential or Outside Counsel Eyes Only documents to an individual or entity defined in this subsection shall provide the individual or entity with a copy of this protective order and request that they abide by it; and

  h. During their depositions, witnesses in the action other than individuals described by paragraph 4(c) to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

  i. The author, prior recipient, or original source of the Discovery Material.

 5. Any Outside Counsel Eyes Only Information designated under this Protective Order shall be treated the same as Confidential Information, with the following exceptions:

  a. There shall be no access by Qualified Persons pursuant to paragraph 4(c), as it pertains to the Receiving Party, to Outside Counsel Eyes Only Information.

  b. Access by Qualified Persons pursuant to paragraphs 4(d) and (e) of this Protective Order shall be restricted to the retained independent consultants or experts for each party whose duties and responsibilities require access to material designated as Outside Counsel Eyes Only, and who have complied with the provisions of paragraph 6. Individual staff, stenographic, and clerical employees of each such consultant or expert who has complied with the provisions of paragraph 6 need not comply with that paragraph. However, Qualified Persons pursuant to paragraphs 4(d) and (e) must make reasonable efforts to insure their staff, stenographic, and clerical employees do not violate any provision of this Protective Order;

      c.     Access by Qualified Persons pursuant to paragraph 4(h) of the Protective Order shall be restricted to those who have complied with the provisions of paragraph 6;

      d.     Any natural person who receives information designated as "OUTSIDE COUNSEL EYES ONLY" shall not, on behalf of her/his respective client (Neuralstem or ReNeuron), prosecute or be actively involved with the prosecution of any patent (including a reexamination) or patent application before the United States Patent & Trademark Office or any similar foreign patent office, or draft or be actively involved in the drafting of any claim language for patent applications or patents, related to the "OUTSIDE COUNSEL EYES ONLY" information that the person has actually received for a period of two years after that person's last review of the designated information or from the termination of the litigation, whichever is later, or as otherwise agreed to by the Parties.

6.     Qualified Persons defined in paragraphs 4(c), 4(d), 4(e), and 4(h) shall be allowed access to Confidential Information or Outside Counsel Eyes Only Information, as limited by paragraph 5 of this Protective Order, only after complying with the following procedure:

      a.     Before receiving any Confidential Information or Outside Counsel Eyes Only Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the "Agreement to Be Bound by Protective Order" (Exhibit A), that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.  In-house attorneys or employees authorized to receive Confidential Information shall not be required to execute the "Agreement to Be Bound by Protective Order" (Exhibit A), but shall otherwise be bound by its terms;

      b.     Outside counsel for each Receiving Party shall retain a copy of each signed "Agreement to Be Bound by Protective Order" (Exhibit A); and

c.  Each party shall prepare a written list, in a form similar to Exhibit B hereto, setting forth the name of the person, his or her occupation, and business address, for each person described in paragraphs 4(d), 4(e), and 4(h) who reviews or is given access to Confidential Information or Outside Counsel Eyes Only Information. The parties to this Action shall be allowed to disclose Confidential Information or Outside Counsel Eyes Only Information to such persons unless, within seven (7) business days after the identity of the person (and, for paragraphs 4(d) and 4(e), a curriculum vitae of the retained person) has been provided to the Designating Party, the Designating Party objects to the disclosure of Confidential Information or Outside Counsel Eyes Only Information to the particular person.  If objection to disclosure is made within seven (7) business days, the objecting party shall, no later than five (5) business days after objection, move the Court for an order prohibiting the disclosure at issue.  The objecting party shall have the burden of persuasion that disclosure should not be made.  If an objection is made, no Confidential Information or Outside Counsel Eyes Only Information shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely motion.

7.  Confidential Information and Outside Counsel Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representative or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4-6 of this Protective Order. Confidential Information and Outside Counsel Eyes Only Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8.  Any person in possession of Confidential Information or Outside Counsel Eyes Only Information shall exercise reasonably appropriate care with regard to the

storage, custody or use of such Confidential Information or Outside Counsel Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

9. ReNeuron is an English company. The Directive of the European Parliament or of the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data (95/46/EC) and legislation in the European Union member States implementing the EU Data Protection Directive, including, but not limited to, the UK Data Protection Act, prohibit and restrict the release of information which relates to a living individual who can be identified from the Personal Data. Accordingly, ReNeuron's produced Discovery Material, which has a likelihood of containing Personal Data when designated as either Confidential Information or Outside Counsel Eyes Only Information shall be transferred, maintained, or reviewed using the following precautions by both the Receiving Party and the Designating Party:

    a. Passwords of at least six characters with a combination of numerals and letters shall be used for all laptops, personal computers, and any other device or medium used to access the Personal Data;

    b. Passwords of at least six characters with a combination of numerals and letters shall be used for all laptops, personal computers, and any other device or medium used to store the Personal Data;

    c. Data encryption shall be used for the transfer of all electronic Personal Data either electronically by e-mail, FTP site, or other data connection, or physically by digital or electronic media;

    d. Print documents containing Personal Data only to the extent reasonably necessary for this litigation;

    e. Any data printed in hard copy format shall be kept in a secure location; and

   f. No Personal Data shall be transferred to a third party without ReNeuron's consent, unless expressly permitted to do so under the terms for Confidential Information or Outside Counsel Eyes Only Information of paragraphs 4-6 of this Protective Order.

  10. If Confidential Information or Outside Counsel Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must: (a) immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information or Outside Counsel Eyes Only Information; (b) retrieve such Confidential Information or Outside Counsel Eyes Only Information, or, where the information is not retrievable, certify that it has been lost or destroyed and that no copies are within the possession, custody, or control of unauthorized recipients of the information, documents, or materials; and (c) prevent further disclosure.

  11. When Confidential Information or Outside Counsel Eyes Only Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 4-6 of this Protective Order to have access to such Information are present.  The use of any such Confidential or Outside Counsel Eyes Only Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

  12. During the course of preparing for a deposition or testimony, a fact deponent/witness who is a Qualified Person under paragraph 4(i) may only be shown Confidential Information or Outside Counsel Eyes Only Information from another party's documents that on their face reveal that they were authored or received in the normal course of business by the deponent/witness.

  13. Any deposition transcript containing Confidential Information or Outside Counsel Eyes Only Information shall be marked on the cover as "Confidential Pursuant To Protective Order" or "Outside Counsel Eyes Only," as appropriate, and

shall indicate as appropriate within the transcript what information has been so designated. A party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Outside Counsel Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) business days after receipt of the transcript. Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Outside Counsel Eyes Only Information. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as Outside Counsel Eyes Only Information until the Court rules otherwise.

14.   Any Designating Party may redact from the documents and things it produces, matter that the Designating Party claims is not relevant, is a "Personal Identifier" according to L.R. 79-5.4, is Personal Data, or is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, private patient medical data, or other privilege or immunity. The Designating Party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR RELEVANCE," "REDACTED FOR PRIVILEGE," or "REDACTED - PERSONAL DATA OR IDENTIFIER," as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The Designating Party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

15.   Any party seeking to file any pleading, paper or other document in this action which contains or discloses Confidential Information or Outside Counsel Eyes

Only Information shall comply with L.R. 79-5.1 Filing Under Seal – Procedures. When filing pleadings which contain Confidential Information or Outside Counsel Eyes Only Information, the party so filing shall designate the following on the first page of filed documents: "Filed Under Seal - Subject To Protective Order - Contains Confidential or Outside Counsel Eyes Only Material – May Only Be Opened by Order of the Court" and shall otherwise comply with the Local Rule on the subject.

16. Agreeing to produce or receive Discovery Material designated as Confidential Information or Outside Counsel Eyes Only Information or otherwise complying with the terms of this Protective Order shall not:

a. Operate as an admission by any party that any Discovery Material designated as Confidential Information or Outside Counsel Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Outside Counsel Eyes Only Information;

c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Outside Counsel Eyes Only Information should be subject to the terms of this Protective Order;

e. Prejudice in any way the rights of any party to petition the Court for a further protective order, or modification or amendment of this order, relating to any purportedly Confidential Information or Outside Counsel Eyes Only Information;

    f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Outside Counsel Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

    g. Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Outside Counsel Eyes Only Information by that party.

  17. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information or Outside Counsel Eyes Only Information, to challenge or object to the Confidential Information or Outside Counsel Eyes Only Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential Information or Outside Counsel Eyes Only Information designations at any later time.  A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so by the procedure set forth in L.R. 37.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

  18. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential Information or Outside Counsel Eyes Only Information, shall be returned to the Designating Party within sixty (60) days after a non-appealable final judgment herein or settlement of this Action, or, at the option of the Receiving Party, destroyed in that time frame, except that outside counsel for each party may maintain

12
[PROPOSED] PROTECTIVE ORDER
LA-409984 v1

in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential Information or Outside Counsel Eyes Only Information.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information or Outside Counsel Eyes Only Information to another party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify Receiving Party in writing when inadvertent production is discovered.  Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Designating Party.  In addition, once notified of the production of inadvertent privileged information, the Receiving Party shall, if such material has previously been disclosed to others by the Receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege.

20. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court. The foregoing remedies shall be in addition to any other common law or statutory relief available for violation of the terms of this Protective Order.

21. Discovery Material produced by third parties may be designated by them as Confidential Information or Outside Counsel Eyes Only Information pursuant to the terms of this Protective Order and, when so designated, shall be treated by the parties in conformance with this Protective Order.

22. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

IT IS SO ORDERED

DATED: July 1, 2010

_____
Hon. Judge Manuel Real
United States District Court Judge

The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction. (R)

14
**[PROPOSED] PROTECTIVE ORDER**

LA-409984 v1